John R. Crews (California Bar No. 119734)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 4650W
Dallas, Texas  75201
Telephone:   214.432.7770
Facsimile:    214.432.7771
E-mail:        john.crews@alston.com

Attorneys for Defendant
FIRST AMERICAN PAYMENT SYSTEMS, L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| AMERICAONE PAYMENT SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIRST AMERICAN PAYMENT SYSTEMS, L.P., <br><br> Defendant. | CASE NO. C 08-01818 PVT <br><br> Honorable Patricia V. Trumbull <br><br><br> **FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S ORIGINAL ANSWER** |

First American Payment Systems, L.P. ("First American") hereby files this its Original Answer to Plaintiff AmericaOne Payment Systems, Inc.'s ("AmericaOne") Complaint and Jury Demand, as follows:

I.

**ORIGINAL ANSWER**

**PARTIES, JURISDICTION AND VENUE**

1.   First American is without knowledge or information sufficient to either affirm or deny the allegations contained in Paragraph 1 and on that basis denies those allegations.

2.   First American admits that its principal place of business is Fort Worth, Texas. First American admits all other allegations in Paragraph 2.

3.   First American is without knowledge or information sufficient to either affirm or deny the allegations contained in Paragraph 3. On that basis, the allegations are denied.

4. First American admits that it is subject to specific personal jurisdiction in this Court. First American denies the remaining allegations contained in Paragraph 4.

5. First American admits that venue is proper in this Court. First American denies the remaining allegations contained in Paragraph 5.

## INTRADISTRICT ASSIGNMENT

6. First American is without knowledge or information sufficient to either affirm or deny the allegations contained in Paragraph 6. On that basis, the allegations are denied.

## GENERAL BACKGROUND

7. First American is without knowledge or information sufficient to either affirm or deny the allegations contained in Paragraph 7 and on that basis denies those allegations.

8. First American admits that it is engaged in the business of, among other things, electronically processing credit and debit card transactions. First American denies the remaining allegations contained in Paragraph 8.

9. First American admits the allegations contained in Paragraph 9.

10. First American admits the allegations contained in Paragraph 10.

11. First American admits that the Independent Sales Organization Agreement dated June 20, 2002 attached as Exhibit A to the Complaint states, among other things, that First American "retain[ed] ISO on a non-exclusive basis to solicit merchants to utilize First American's electronic capture and transaction processing service." First American denies the remaining allegations contained in Paragraph 11.

12. First American admits that AmericaOne agreed to, among other things, solicit prospective merchants to execute credit and debit card processing agreements with First American. First American denies the remaining allegations contained in Paragraph 12.

13. First American admits that it agreed to compensate AmericaOne for its services. First American denies the remaining allegations contained in Paragraph 13.

14. First American denies the allegations contained in Paragraph 14.

15. First American admits that it agreed to compensate AmericaOne for its services. First American denies the remaining allegations contained in Paragraph 15.

16. First American admits that it agreed to compensate AmericaOne for its services. First American denies the remaining allegations contained in Paragraph 16.

17. First American admits that it agreed to compensate AmericaOne for its services. First American denies the remaining allegations contained in Paragraph 17.

18. First American denies the allegations contained in Paragraph 18.

19. First American admits that the parties modified the ISO Agreement to change the multiple from 30 to 28, and that First American complied with the ISO Agreement as modified. First American denies the remaining allegations contained in Paragraph 19.

20. First American denies the allegations contained in Paragraph 20.

21. First American denies the allegations contained in Paragraph 21.

22. First American denies the allegations contained in Paragraph 22.

23. First American denies the allegations contained in Paragraph 23.

24. First American denies the allegations contained in Paragraph 23.

25. First American admits that, among the many other provisions in the ISO Agreement, Section 8.2.2 of the ISO Agreement attached as Exhibit A to the Complaint contains the following language: "First American acknowledges that ISO will be forwarding money to Sales Personnel based on the warranty of First American that First American will purchase each Monthly Portfolio and make payments to ISO on the Acquisition Date and Anniversary Date. Therefore, in the event First American fails to fund the purchase of the Monthly Portfolio on the Acquisition Date or the Anniversary Date, First American agrees to liquidated damages [as specified]." First American denies the remaining allegations contained in Paragraph 25.

26. First American denies the allegations contained in Paragraph 26.

27. First American denies the allegations contained in Paragraph 27.

28. First American denies the allegations contained in Paragraph 28.

29. First American admits that the ISO Agreement automatically renewed for consecutive one-year terms unless terminated in accordance with the terms of the ISO Agreement. First American denies the remaining allegations contained in Paragraph 29.

30. First American denies the allegations contained in Paragraph 30.

31.  First American denies the allegations contained in Paragraph 31.

32.  First American denies the allegations contained in Paragraph 32.

33.  First American is without knowledge or information sufficient to either affirm or deny the allegations contained in Paragraph 33. On that basis, the allegations are denied.

34.  First American is without knowledge or information sufficient to either affirm or deny the allegations contained in Paragraph 34. On that basis, the allegations are denied.

35.  First American admits that the ISO Agreement attached as Exhibit A to the Complaint states that "[i]n the event a party must hire a lawyer, bring suit or otherwise seek enforcement of any provisions of this Agreement, the prevailing party shall be entitled to recover from the non-prevailing party all attorneys' fees, court costs, expert witness fees, and other costs of enforcement in connection herewith and therewith." First American denies the remaining allegations contained in Paragraph 35.

## COUNT I:

## BREACH OF CONTRACT

36.  The statements contained in Paragraphs 1 – 35 are incorporated by reference as though fully set forth herein.

37.  First American denies the allegations contained in Paragraph 37.

38.  First American denies the allegations contained in Paragraph 38.

39.  First American denies the allegations contained in Paragraph 39.

40.  First American denies the allegations contained in Paragraph 40.

41.  First American denies the allegations contained in Paragraph 41.

## COUNT II:

## UNJUST ENRICHMENT/*QUANTUM MERUIT*

42.  The statements contained in Paragraphs 1 – 41 are incorporated by reference as though fully set forth herein.

43.  First American admits that it obtained certain benefits from AmericaOne's services, but denies the remaining allegations contained in Paragraph 43.

44.  First American denies the allegations contained in Paragraph 44.

45. First American denies the allegations contained in Paragraph 45.

46. First American denies the allegations contained in Paragraph 46.

## COUNT III:

## **TORTUOUS [SIC] INTERFERENCE**

47. The statements contained in Paragraphs 1 – 46 are incorporated by reference as though fully set forth herein.

48. First American is without knowledge or information sufficient to either affirm or deny the allegations contained in Paragraph 48. On that basis, the allegations are denied.

49. First American denies the allegations contained in Paragraph 49.

50. First American denies the allegations contained in Paragraph 50.

51. First American denies the allegations contained in Paragraph 51.

52. First American denies the allegations contained in Paragraph 52.

## COUNT IV:

## **DECLARATORY RELIEF**

53. The statements contained in Paragraphs 1 – 52 are incorporated by reference as though fully set forth herein.

54. First American denies the allegations contained in Paragraph 54.

55. First American denies the allegations contained in Paragraph 55.

56. First American denies the allegations contained in Paragraph 56.

57. First American denies the allegations contained in Paragraph 57.

58. This Paragraph does not require First American to provide an admission or denial. First American is opposed to the relief requested by AmericaOne in Paragraph 58.

## COUNT V:

## **SPECIFIC PERFORMANCE**

59. The statements contained in Paragraphs 1 – 58 are incorporated by reference as though fully set forth herein.

60. First American denies the allegations contained in Paragraph 60.

61. First American denies the allegations contained in Paragraph 61.

62. This Paragraph does not require First American to provide an admission or denial. First American is opposed to the relief requested by AmericaOne in Paragraph 62.

## II.

## **AFFIRMATIVE DEFENSES**

First American now pleads in the Affirmative as follows:

63. AmericaOne's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or ratification.

64. AmericaOne's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

65. AmericaOne's claims are barred, in whole or in part, by AmericaOne's failure to satisfy conditions precedent.

66. AmericaOne's claims are barred, in whole or in part, by its own prior material breach of the Parties' contract.

67. AmericaOne's claims are barred, in whole or in part, because each and every claim in its Complaint is subject to a valid arbitration agreement which requires AmericaOne to submit its claims to arbitration. *See*, ISO Agreement, Section 13.18.

68. AmericaOne's claims are barred, in whole or in part, because of AmericaOne's failure to mitigate its damages.

/ / /

DATED: May 21, 2008.                          Alston & Bird LLP


                                              /s/ John R. Crews
                                              _____
                                              John R. Crews
                                              Attorneys for Defendant
                                              FIRST AMERICAN PAYMENT SYSTEMS, L.P.

LEGAL02/30820112v1

/ / /

/ / /

/ / /

/ / /

# PROOF OF SERVICE

I, Roseanne Mulea, declare:

I am a resident of the State of Texas and over the age of eighteen years, and not a party to the within action; my business address is Alston & Bird LLP, 2200 Ross Avenue, Suite 3601, Dallas, Texas 75201. On May 21, 2008, I served the within document:

**FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S ORIGINAL ANSWER**

- ☐ by transmitting via electronic mail the document listed above to the email addresses set forth below on this date before 5:00 p.m.
- ☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Dallas, Texas addressed as set forth below.
- ☐ by transmitting the document listed above to the Court via ECF, causing notification to the person(s) at the address(es) set forth below.
- ☐ by placing the document listed above in a sealed envelope and affixing a prepaid air bill, and causing the envelope to be delivered to an overnight courier agent for delivery.
- ☐ by personally delivering the document listed above to the person(s) at the address(es) set forth below.

## SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

Executed on May 21, 2008, at Dallas, Texas.


_____
Roseanne Mulea

/ / /

/ / /

/ / /

/ / /

/ / /

—7—

FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S ORIGINAL ANSWER
[CASE NO. C 08-01818 PVT]

## SERVICE LIST

Gary E. Gamel, Esq.
2995 Woodside Road
Suite 400
Woodside, California 94062


Eric A Linden, Esq.
Jonathan C. Myers, Esq.
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034

COUNSEL FOR PLAINTIFF