John R. Crews (California Bar No. 119734)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 4650W
Dallas, Texas 75201
Telephone: 214.432.7770
Facsimile: 214.432.7771
E-mail: john.crews@alston.com

Attorneys for Defendant
FIRST AMERICAN PAYMENT SYSTEMS, L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| AMERICAONE PAYMENT SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIRST AMERICAN PAYMENT SYSTEMS, L.P., <br><br> Defendant. | CASE NO. C 08-01818 PVT <br><br> Honorable Patricia V. Trumbull <br><br> **FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS** <br><br> **Date:** July 1, 2008 <br> **Time:** 10:00 a.m. <br> **Place:** Courtroom 5, 4th Floor |

**PLEASE TAKE NOTICE** that Defendant First American Payment Systems, L.P. ("First American") will move this court on **July 1, 2008** at 10:00 a.m. in Courtroom 5, 4th Floor, United States Federal Building, 280 South 1st Street, San Jose, California 95113, before the Honorable Patricia V. Trumbull, U.S. Magistrate Judge, for an order: (1) compelling AmericaOne Payment Systems, Inc. and First American to submit their claims to non-binding arbitration; and (2) staying these proceedings pending resolution of the non-binding arbitration or further order of this Court. This Motion is based on this notice, the memorandum of points and authorities, all the matters of record filed with the Court, and such other evidence as may be submitted.

/ / /

/ / /

/ / /

## I.

## STATEMENT OF RELIEF

First American moves this Court for an order:

- Finding that all disputes, claims, or other matters in question between the parties arising out of the ISO Agreement, including those asserted in the above-styled and numbered litigation, are to be referred to non-binding arbitration to be conducted at a neutral site pursuant to the Commercial Arbitration Rules of the American Arbitration Association;

- Finding that, given that Plaintiff is located in Sunnyvale, California and Defendant is located in Fort Worth, Texas,[1] the appropriate "neutral site" for any such non-binding arbitration is Phoenix, Arizona or such other location as is mutually agreeable to the parties; and

- Staying the above-styled and numbered litigation pending resolution of such non-binding arbitration or further order of this Court.

## II.

## ISSUE TO BE DECIDED

This Motion asks the Court to enforce the Parties' agreement to submit "all disputes, claims, or other matters in question" arising out of the relevant contract to non-binding arbitration. Because the Plaintiff's claims in this lawsuit clearly arise out of the Parties' contract, the Federal Arbitration Act requires that the Court find that the present dispute is subject to the parties' agreement regarding non-binding arbitration and order that the immediate proceedings be stayed pending the conclusion of arbitration.

## III.

## MEMORANDUM OF POINTS AND AUTHORITIES

A.  **Statement of Facts**

*The Parties*

Among other services, First American provides electronic payment services to businesses, including electronic draft capture and transaction processing for cardholder credit card purchases

---

[1] See Complaint and Jury Demand, ¶¶ 1-2.

through major credit card companies.[2] First American also provides payment processing for debit card purchases,[3] and leases equipment to its merchants to enable them to accept and process payments through credit and debit cards.[4] First American is a Texas limited partnership with its principal place of business in Fort Worth, Texas.

AmericaOne Payment Systems, Inc. ("AmericaOne") contends that it is engaged in the business of marketing and selling credit card processing services to merchants.[5] AmericaOne is a California corporation with its principal place of business in Sunnyvale, California.[6]

***The ISO Agreement***

First American and AmericaOne (collectively, the "Parties") entered into the Independent Sales Organization Agreement (the "ISO Agreement") on or about June 20, 2002.[7] Pursuant to the terms of the ISO Agreement, First American retained AmericaOne as an "independent sales organization and contractor" to solicit, on a non-exclusive basis, "merchants to utilize First American's electronic capture and transaction processing service."[8] As reflected in the ISO Agreement, the ISO Agreement is governed by, and is to be construed and enforced in accordance with, Texas law.[9] The Parties also agreed that disputes arising out of the ISO Agreement are to be resolved through non-binding arbitration:[10]

> 13.18 All disputes, claims, or other matters in question between the parties arising out of this Agreement, other than claims involving injunctive relief, shall be decided by

/ / /

---

[2] Independent Sales Organization Agreement (hereafter, "ISO Agreement"), pg. 1. A true and correct copy of the ISO Agreement is hereto attached as Exhibit A.
[3] *Id.*
[4] *Id.*
[5] Complaint, ¶ 7.
[6] Complaint, ¶ 1.
[7] ISO Agreement, pg. 12.
[8] ISO Agreement §§ 1 – 2, pg. 1.
[9] ISO Agreement § 13.1, pg. 10.
[10] ISO Agreement § 13.18, pg. 11 (emphasis in original).

- 3 -

non-binding arbitration to be conducted at a neutral site pursuant to the then-current Commercial Arbitration Rules of the American Arbitration Association.

### *The Lawsuit*

Despite its obligation to arbitrate under Section 13.18 of the ISO Agreement (the "Arbitration Clause"), AmericaOne filed its *Complaint and Jury Demand* ("Complaint") in this Court on April 4, 2008. The Complaint attaches the ISO Agreement as the sole Exhibit, and is replete with references to the ISO Agreement, asking the Court to interpret the provisions of the ISO Agreement,[11] find First American in breach of the ISO Agreement,[12] award liquidated damages under the ISO Agreement,[13] and enforce specific performance of the ISO Agreement.[14] The Court ordered the case to the Alternative Dispute Resolution Multi-Option Program.[15]

**B.    Argument and Authorities**

Based upon the Arbitration Clause in the Parties' ISO Agreement and applicable law, the Court should find that the present dispute is subject to non-binding arbitration and stay these proceedings pending completion of arbitration.

### *The Federal Arbitration Act Applies*

The Federal Arbitration Act ("FAA") applies to contracts involving interstate commerce.[16] Interstate commerce is defined under the FAA to encompass, among other things, "commerce among the several states."[17] Under the FAA, a written provision to settle by arbitration a controversy in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable," unless grounds

/ / /

/ / /

---

[11]   Complaint, Count IV: Declaratory Relief, pg. 9.
[12]   Complaint, Count I: Breach of Contract, pg. 7.
[13]   Complaint, ¶ 26, pgs. 5 – 6.
[14]   Complaint, Count V: Specific Performance, pg. 11.
[15]   Order Setting Initial Case Management Conference and ADR Deadlines.
[16]   9 U.S.C. § 2.
[17]   9 U.S.C. § 1.

– 4 –

exist at law or in equity for the revocation of the contract.[18] Contracts between parties of different states involve interstate commerce so as to implicate the FAA.[19]

The ISO Agreement specifies that it is to be "construed and enforced in accordance with the laws of the State of Texas."[20] The Texas Supreme Court has held that, under Texas law, contracting parties who reside in different states are subject to the FAA.[21] Because AmericaOne and First American are diverse parties, the FAA applies to the Arbitration Clause.

### *The FAA Requires the Court to Compel Arbitration*

The arbitration clause at issue in this case requires the parties to submit "all disputes, claims or other matters in question between the parties arising out of [the ISO Agreement]" to non-binding arbitration.[22] With minor exceptions not applicable here, the FAA requires this Court to submit precisely this type of case to arbitration upon "the motion of any party to the agreement."[23] Furthermore, courts hold that the FAA applies equally to compel not only binding arbitration, but also non-binding arbitration.[24]

Under any reading of the Plaintiff's Complaint, there can be no doubt that the Plaintiff's claims "arise out of" the Parties' relationship under the ISO Agreement. The Complaint cites the ISO Agreement extensively, and attaches the ISO Agreement as Exhibit "A." The Plaintiff asks this Court to interpret the provisions of the ISO Agreement, find First American in breach of the ISO Agreement, award liquidated damages under the ISO Agreement, and enforce specific performance of the ISO Agreement.

---

[18] *Id.*

[19] *See, e.g., Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 281 (1995).

[20] ISO Agreement, § 13.1, pg 10.

[21] *Id.*

[22] ISO Agreement, § 13.18, pg. 11.

[23] 9 U.S.C. § 2.

[24] *See Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir. 1998) (holding that "arbitration need not be binding in order to fall within the scope of the Federal Arbitration Act" and that "the FAA is no less applicable" to non-binding arbitration than it would be "if the parties had agreed to submit to binding arbitration."); *Porter & Clements, L.L.P. v. Stone*, 935 S.W.2d 217, 221 (Tex. App.—Houston [1st Dist.] 1996, *no writ*) (citing 9 U.S.C. § 9 to illustrate that the FAA may be applied to compel non-binding arbitration).

Even if doubt existed as to whether AmericaOne's claims arise out of the ISO Agreement, the Court must resolve any such doubt in favor of arbitration. The US Supreme Court has stated that, in applying principles of contract interpretation to determine whether certain claims are arbitrable, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself [must be] resolved in favor of arbitration."[25] The claims asserted in AmericaOne's Complaint fall squarely within the scope of the Arbitration Clause, and in any event any conceivable doubts must be resolved in favor of arbitration. Accordingly, the Court should find that the present dispute is subject to non-binding arbitration.

### *The Court should Stay these Proceedings Pending the Arbitration*

Under the FAA, the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."[26] Because the FAA requires the Court to respect the Parties' agreement regarding non-binding arbitration, the Court should stay these proceedings pending completion of the arbitration.

### IV.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant First American respectfully requests that the Court enter an order:

1. Finding that all disputes, claims, or other matters in question between the parties arising out of the ISO Agreement, including those asserted in the above-styled and numbered litigation, are to be referred to non-binding arbitration to be conducted at a neutral site pursuant to the Commercial Arbitration Rules of the American Arbitration Association;

/ / /

/ / /

/ / /

---

[25] *Volt Information Sciences, Inc. v. Stanford University*, 489 U.S. 468, 475 – 476 (1989); *See also, Kuehner v. Dickinson & Co.*, 84 F.3d 316 (9th Cir. 1996) (holding that the FAA "not only reversed the judicial hostility to the enforcement of arbitration contracts, but also created a rule of contract construction favoring arbitration.").

[26] 9 U.S.C. § 3.

FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

2. Finding that, since Plaintiff is located in Sunnyvale, California and Defendant is located in Fort Worth, Texas,[27] the appropriate "neutral site" for any such non-binding arbitration is Phoenix, Arizona or such other location as is mutually agreeable to the parties;

3. Staying the above-styled and numbered litigation pending resolution of such non-binding arbitration or further order of this Court; and

4. Granting First American all other relief, at law or in equity, to which it may show itself justly entitled.

/ / /

DATED: May 21, 2008.                                   Alston & Bird LLP


                                                        /s/ John R. Crews
                                                       ―――――――――――――――――
                                                       John R. Crews
                                                       Attorneys for Defendant
                                                       FIRST AMERICAN PAYMENT SYSTEMS, L.P.

LEGAL02/30820364v1

/ / /

/ / /

/ / /

/ / /

/ / /

### CERTIFICATE OF CONFERENCE

On May 21, 2008, my office conferred with Eric Linden, counsel for AmericaOne Payment Systems, Inc., concerning the relief requested in this motion. Mr. Linden indicated that AmericaOne is opposed to the relief requested in this motion. It is therefore submitted to the Court for resolution.

                                                        /s/ John R. Crews
                                                       ―――――――――――――――――
                                                       John R. Crews

/ / /

/ / /

/ / /

---

[27] See Complaint, ¶¶ 1-2.

― 7 ―

## PROOF OF SERVICE

I, Roseanne Mulea, declare:

I am a resident of the State of Texas and over the age of eighteen years, and not a party to the within action; my business address is Alston & Bird LLP, 2200 Ross Avenue, Suite 3601, Dallas, Texas 75201. On May 21, 2008, I served the within document:

**FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

- ☐ by transmitting via electronic mail the document listed above to the email addresses set forth below on this date before 5:00 p.m.
- ☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Dallas, Texas addressed as set forth below.
- ☐ by transmitting the document listed above to the Court via ECF, causing notification to the person(s) at the address(es) set forth below.
- ☐ by placing the document listed above in a sealed envelope and affixing a prepaid air bill, and causing the envelope to be delivered to an overnight courier agent for delivery.
- ☐ by personally delivering the document listed above to the person(s) at the address(es) set forth below.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.

Executed on May 21, 2008, at Dallas, Texas.

_____
Rosanne Mulea

/ / /
/ / /
/ / /
/ / /
/ / /

## SERVICE LIST

Gary E. Gamel, Esq.
2995 Woodside Road
Suite 400
Woodside, California   94062


Eric A Linden, Esq.
Jonathan C. Myers, Esq.
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan   48034

COUNSEL FOR PLAINTIFF

Alston & Bird
LLP

FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S NOTICE OF MOTION AND
MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS