**John R. Crews**
**ALSTON & BIRD LLP**
**2200 Ross Avenue, Suite 3600**
**Dallas, Texas 75201**
**Telephone: 214.922.3400**
**Facsimile: 214.922.3899**
**E-mail: john.crews@alston.com**
**California Bar No. 119734**

**Counsel for First American Payment Systems, L.P.**

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| **AMERICAONE PAYMENT SYSTEMS, INC.,**<br><br>*Plaintiff*,<br><br>v.<br><br>**FIRST AMERICAN PAYMENT SYSTEMS, L.P.,**<br><br>*Defendant*. | **CASE NO. C 08-01818 PVT**<br><br>**FIRST AMERICAN'S REPLY MEMORANDUM**<br><br>**HEARING**<br>Date: July 1, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 5, 4th Floor |

**FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S REPLY MEMORANDUM TO AMERICAONE PAYMENT SYSTEMS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Defendant First American Payment Systems, L.P. ("First American") hereby files this, its Reply Memorandum to AmericaOne Payment Systems Inc.'s ("AmericaOne") Memorandum in Opposition to Defendant's Motion to Compel Arbitration and Stay Proceedings.

/ / /

/ / /

Alston & Bird LLP

FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S REPLY MEMORANDUM TO AMERICAONE PAYMENT SYSTEMS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
[CASE NO. C 08-01818 PVT]

# I.

## Summary

Citing a litany of cases from *other* jurisdictions,[1] AmericaOne asks this Court to ignore relevant and binding case law to arrive at the result AmericaOne desires. This result would require the Court to disregard the parties' agreement and deprive First American of the benefit of its bargain. The simple fact is that AmericaOne and First American (collectively, the "Parties") agreed to submit their claims to non-binding arbitration. AmericaOne has now decided that non-binding arbitration poses a "strategic advantage" for First American, and seeks to avoid its obligations under the Parties' agreement. AmericaOne comes forward with no persuasive argument as a basis for this Court to ignore the relevant law and the Parties' agreement. First American respectfully requests that this Court hold the Parties to their agreement by staying these proceedings pending the outcome of non-binding arbitration on AmericaOne's claims against First American.

# II.

## Reply Memorandum

**A.  Argument and Authorities**

In its Memorandum in Opposition, AmericaOne contends that: (1) this Court cannot compel non-binding arbitration under the FAA; (2) even if the Court can compel non-binding arbitration, AmericaOne's tortious interference claim is not arbitrable; (3) in the event the tortious interference claim is arbitrable, the Court can only compel arbitration in the Northern District of California; and (4) if the Court can compel arbitration in another locale, it should compel arbitration in Chicago, Illinois instead of Phoenix, Arizona (as First American has requested). For the reasons stated below, AmericaOne's arguments are without merit.

/ / /

/ / /

---

[1] AmericaOne cites thirteen cases in its Memorandum in Opposition to First American's Motion to Compel Arbitration and Stay Proceedings (the "Memorandum in Opposition"), eleven of which are from jurisdictions outside the Ninth Circuit. Even more telling, the cases cited from other jurisdictions are not cited for propositions of law which have not been decided by the Ninth Circuit—rather they are cited in an attempt to convince this Court to follow other jurisdictions rather than Ninth Circuit precedent.

– 2 –

Alston & Bird LLP

**FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S REPLY MEMORANDUM TO AMERICAONE PAYMENT SYSTEMS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
[CASE NO. C 08-01818 PVT]**

*The FAA Requires the Court to Compel Non-Binding Arbitration*

Given binding case law within the Ninth Circuit, the Court must reject AmericaOne's request that the Court follow other jurisdictions and find that it cannot compel non-binding arbitration. (Memorandum in Opposition, pg. 7). In *Wolsey LTD v. Foodmaker Inc.*, the Ninth Circuit Court of Appeals was confronted squarely with the question of whether the FAA required a court to compel non-binding arbitration. 144 F.3d 1205 (9th Cir. 1998). Using the same argument that AmericaOne uses here, the appellant in *Wolsey* argued that the FAA did not apply to non-binding arbitration because the phrase "settle by arbitration" used in the FAA meant that the FAA could apply only to *binding* arbitration. *Id*. at 1207. But the Ninth Circuit squarely rejected the argument that AmericaOne is making here, stating that the appellant's "reliance on the use of the word 'settle' in [the FAA] does not get it far." *Id*. Surveying other jurisdictions' treatment of non-binding arbitration under the FAA, the Court came to the straightforward conclusion that "in light of the strong presumption in favor of arbitrability… we hold that arbitration need not be binding in order to fall within the scope of the Federal Arbitration Act." *Id*. at 1209. As in the *Wolsey* case, AmericaOne's "reliance on the use of the word 'settle' in [the FAA] does not get it far." Since the Ninth Circuit has squarely rejected the very argument advanced by AmericaOne here, this Court likewise must reject AmericaOne's argument. (Memorandum in Opposition, pg. 7).

Alternatively, AmericaOne contends that the *Wolsey* case does not apply for three reasons. First, AmericaOne states that the *Wolsey* case is not applicable because the laws of the State of Texas apply under the Parties' Agreement. (Memorandum in Opposition, pg. 8, fn. 5). While the ISO Agreement does contain a Texas choice-of-law provision,[2] that provision is not relevant to the issue of arbitration. General choice-of-law provisions in contracts containing arbitration clauses simply supply "state substantive, decisional law, and <u>not</u> state law rules for arbitration." *Sovak v. Chugai Pharmaceutical Co*., 280 F.3d 1266, 1269 (9th Cir. 2002) (emphasis added). Unless the parties clearly evidence their intent that the FAA *not* apply, then the "strong default presumption is that the FAA, not state law, supplies the rules for arbitration." *Id*. The Parties here have not evidenced an

---

[2]  (ISO Agreement, § 13.1).

– 3 –

Alston & Bird LLP

**FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S REPLY MEMORANDUM TO AMERICAONE PAYMENT SYSTEMS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS [CASE NO. C 08-01818 PVT]**

intent that the FAA not apply, but merely agreed that Texas decisional law would govern their dispute. Thus *Wolsey* applies to this case.[3]

Second, AmericaOne argues that "here, unlike the arbitration provision in *Wolsey*, AmericaOne or First American are [sic.] permitted to seek recourse to the courts after submitting claims for non-binding arbitration prior to completion of the arbitration process and decision." (Memorandum in Opposition, pg. 9) (internal quotations omitted). This argument is confounding in light of the fact that the arbitration provision in Wolsey is *virtually identical* to the provision at issue here.[4] It is unclear why AmericaOne believes that the Parties' Arbitration Clause in the ISO Agreement allows them to seek recourse to the courts *before* completion of the arbitration process, when the *Wolsey* Court, confronted with a virtually identical clause, found to the contrary. There is nothing in the ISO Agreement to indicate that any party may seek recourse from the courts before completion of the arbitration.

Third, AmericaOne contends that all the claims at issue in *Wolsey* were arbitrable, but that AmericaOne's claim for tortious interference in this case is "not within the purview of the arbitration provision." (Memorandum in Opposition, pg. 9). Again, AmericaOne cites authority from another jurisdiction to support its contention. *Id*. (citing a Sixth Circuit decision). However, this circuit's precedent does not support AmericaOne's argument. The Ninth Circuit holds that when an arbitration clause calls for any dispute "relating to or arising out of the agreement to be submitted to arbitration, the parties intend the clause to reach all aspects of the relationship." *Schoenduve Corp. v. Lucent Technologies, Inc*., 442 F.3d 727, 732 (9th Cir. 2006) (quoting *Valentine Sugars, Inc. v. Donau Corp.,* 981 F.2d 210, 213 n. 2 (5th Cir.1993)). Here, there can be little doubt that even AmericaOne's tortious interference claim arises out of the Parties' relationship, and indeed out of the ISO Agreement itself. AmericaOne's Complaint and Jury Demand states:[5]

---

[3] Even if Texas law applied to define the rules for arbitration, Texas Courts similarly hold that, unless the parties specifically exclude the application of federal law, the FAA applies to arbitration agreements between parties who reside in different states. *In re L & L Kempwood Associates, L.P.*, 9 S.W.3d 125, 127 – 128 (Tex. 1999). Texas courts also hold that the FAA compels both binding and non-binding arbitration. *See, e.g., Porter & Clements, L.L.P. v. Stone*, 935 S.W.2d 217, 221 (Tex. App.—Houston [1st Dist.] 1996, *no writ*).

[4] The *Wolsey* Court quotes the arbitration provision in that case as stating "all controversies, disputes or claims ... shall be submitted for non-binding arbitration." 144 F.3d 1207.

[5] AmericaOne's Complaint and Jury Demand, ¶¶ 27 – 28.

– 4 –

Alston & Bird LLP

**FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S REPLY MEMORANDUM TO AMERICAONE PAYMENT SYSTEMS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS [CASE NO. C 08-01818 PVT]**

> 27. In or about September, 2005, in further violation of the ISO Agreement (Ex. A, Section 10.4), First American improperly, and successfully, solicited AmericaOne's sales agents and employees, including, but not limited to, Scott McCurry, to terminate their business relationship with AmericaOne and enter into a direct contractual relationship with First American.
>
> 28. AmericaOne has been damaged as a result of lost sales and loss of good will from First American's improper solicitations in violation of the ISO Agreement.

Its tortious interference cause of action states, in part:[6]

> 48. AmericaOne had valid contracts and/or prospective economic relationships and expectancies with its merchants, sales agents and employees including, but not limited to, Scott McCurry.

Though AmericaOne now tries to re-cast its tortious interference claim as having nothing to do with the Parties' ISO Agreement, it is clear from the face of AmericaOne's Complaint that this claim arises out of the ISO Agreement (and certainly out of the parties' relationship). The very basis for AmericaOne's tortious interference claim is that First American was prohibited from soliciting AmericaOne's employees *under the Parties' ISO Agreement*. (Memorandum in Opposition, pg. 4; Complaint, ¶¶ 27 – 28, 48). Given the relevant case law and the fact that the FAA imposes a strong presumption in favor of arbitrability, the Court should hold that the tortious interference claim is subject to arbitration.

Again citing cases from other jurisdictions, AmericaOne halfheartedly argues that the Arbitration Clause in the Parties' ISO Agreement creates a "permissive option to arbitrate, rather than a mandatory one." (Memorandum in Opposition, pg. 7). The Arbitration Clause states that "all disputes, claims, or other matters in question between the parties arising out of this Agreement… *shall* be decided by non-binding arbitration." (ISO Agreement, § 13.18) (emphasis supplied). AmericaOne declares, without explanation, that this clause makes "resort to arbitration the prerogative—not the obligation—of the aggrieved party." (Memorandum in Opposition, pg. 7). The

---

[6] AmericaOne's Complaint and Jury Demand, ¶ 48.

– 5 –

Alston & Bird LLP

FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S REPLY MEMORANDUM TO AMERICAONE PAYMENT SYSTEMS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
[CASE NO. C 08-01818 PVT]

clause does no such thing. It states unambiguously that the parties "shall" submit their disputes, claims, or other matters to arbitration.[7]

Finally, AmericaOne asks the Court to disregard the parties' otherwise valid Arbitration Clause because "given First American's size and financial resources, further delay and extra expense is strategically desirable" for First American. (Memorandum in Opposition, pg. 8). Even assuming that the Arbitration Clause strategically benefits First American, AmericaOne has provided no basis for this Court to disregard the Parties' bargain. It has cited no case from any jurisdiction where a court has ignored a valid arbitration clause on the grounds that it provided a strategic advantage to one of the parties.[8] This Court should enforce the Parties' bargain and find that AmericaOne's claims are subject to the Parties' agreement regarding non-binding arbitration.

### *The Court should Stay these Proceedings Pending the Arbitration*

Citing *Textile Unlimited, Inc. v. A..BMH and Company, Inc.* 240 F.3d 781 (9th Cir. 2001), AmericaOne claims that "a District Court must compel arbitration in its own district even if the contractual provision designates a different forum." (Memorandum in Opposition, pg. 12). AmericaOne confuses the holding of *Textile Unlimited*. The Court in that case addressed **not** whether a district court could compel arbitration outside of its district, but, rather, whether an action to *enjoin* arbitration must be brought in the district where the contract stated the arbitration was to occur. 240 F.3d 784. The Court ruled that venue was proper in California in a suit to enjoin arbitration that was

---

[7] AmericaOne cites *Advanced Body Care Solutions, LLC v. Thione International, Inc.*, 514 F.Supp.2d 1326 (S.D. Fla. 2007), stating that the Court considered a "similar non-binding arbitration provision." (Memorandum in Opposition, pgs. 7 – 8.) However, the arbitration clause at issue in *Advanced Body Care Solutions* was not similar to the Arbitration Clause here. The *Advanced Body Care Solutions* clause stated that the parties shall submit their dispute "to nonbinding arbitration *or* mediation." 514 F.Supp.2d at 1332. (emphasis supplied). The Court in that case held that the parties' contract did not "manifest an intent that arbitration be the exclusive means for addressing a dispute" because of the disjunctive language used in the clause ("non-binding arbitration *or* mediation"). *Id*. Thus, because of the disjunctive language, the Court held that the FAA did not require arbitration. *Id*. Here, of course, there is no such disjunctive language. The *Advanced Body Care Solutions* court did state, in *dicta*, that its conclusion would be the same even if the contract called just for non-binding arbitration. *Id*. at 1333. However, *dicta* from a Florida court is no reason for this Court to ignore binding Ninth Circuit precedent and the Parties' agreement.

[8] Many courts encourage Alternative Dispute Resolution as providing an advantage to all litigants. Indeed, this District promotes Alternative Dispute Resolution (including non-binding arbitration) because "full, formal litigation of claims can impose large economic burdens on parties and can delay resolution of disputes for considerable periods." LOCAL RULES FOR ALTERNATIVE DISPUTE RESOLUTION, NORTHERN DISTRICT OF CALIFORNIA § 1-2(a). The District endorses Alternative Dispute Resolution to provide "quicker, less expensive and potentially more satisfying alternatives to continuing litigation without impairing the quality of justice or the right to trial. *Id*.

– 6 –

**FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S REPLY MEMORANDUM TO AMERICAONE PAYMENT SYSTEMS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS [CASE NO. C 08-01818 PVT]**

Alston & Bird LLP

to occur in Georgia.  *Id*.  The Court did ***not*** rule that it could only compel arbitration in its own district, as AmericaOne claims.  Indeed, the *Textile Unlimited* Court stated that "nothing prohibits A..BMH from proceeding *seriatim* in different locales; filing a counter-claim in California to compel arbitration [in Georgia]."  Thus, the holding in *Textile Unlimited*—the very case relied upon by AmericaOne—illustrates that this Court can compel arbitration outside of its own district.

However, even if this Court finds that it cannot compel arbitration in Phoenix, Arizona (or another neutral site), the Court is still obligated to stay these proceedings until the Parties have completed their arbitration.  9 U.S.C. § 3 (the Court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.").

### *Chicago is not a "neutral" site for Arbitration*

Finally, AmericaOne urges the Court to compel the parties to arbitrate in Chicago, Illinois because, according to AmericaOne, Chicago is "a more sophisticated legal market, is equally convenient and more readily accessible, and is better equipped to handle the complex nature of the credit card processing industry and ISO agreements."  (Memorandum in Opposition, pg. 12).  The Arbitration Clause calls for the Parties' arbitration to be held at a "neutral" site.  (ISO Agreement, § 13.18).  Chicago is certainly more readily accessible for AmericaOne's attorneys, who are located in Southfield, Michigan.  However, Chicago imposes a much greater burden on First American and its attorneys, located in the Dallas-Fort Worth area.  Phoenix is more geographically equidistant for the Parties, and contains a very sophisticated and capable legal market.  While there may be appropriate "neutral" sites other than Phoenix, Chicago is not one of them.

## III.

## Prayer

Defendant First American respectfully requests that the Court enter an order:

1. Finding that all disputes, claims, or other matters in question between the parties arising out of the ISO Agreement, including those asserted in the above-styled and numbered litigation, are to be referred to non-binding arbitration to be conducted at a

– 7 –

Alston & Bird LLP

**FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S REPLY MEMORANDUM TO AMERICAONE PAYMENT SYSTEMS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
[CASE NO. C 08-01818 PVT]**

neutral site pursuant to the Commercial Arbitration Rules of the American Arbitration Association;

2. Finding that, since Plaintiff is located in Sunnyvale, California and Defendant is located in Fort Worth, Texas,[9] the appropriate "neutral site" for any such non-binding arbitration is Phoenix, Arizona or such other location as is mutually agreeable to the parties;

3. Staying the above-styled and numbered litigation pending resolution of such non-binding arbitration or further order of this Court; and

4. Granting First American all other relief, at law or in equity, to which it may show itself justly entitled.

/ / /

/ / /

**DATED:  June 17, 2008**

Respectfully submitted,

/s/  John R. Crews
John R. Crews
California Bar No. 119734
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 4650W
Dallas, Texas   75201
Telephone:  214.432.7770
Facsimile:   214.432.7771

**ATTORNEYS FOR DEFENDANT
FIRST AMERICAN PAYMENT SYSTEMS, L.P.**

/ / /

/ / /

/ / /

/ / /

---

[9] *See* Complaint, ¶¶ 1-2.

– 8 –

Alston & Bird LLP

**FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S REPLY MEMORANDUM TO AMERICAONE PAYMENT SYSTEMS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
[CASE NO. C 08-01818 PVT]**

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 17, 2008, a true and correct copy of the foregoing was sent via ECF and certified mail, return receipt requested, to all parties listed below:

Gary E. Gamel, Esq.
ATTORNEY AT LAW
2995 Woodside Road, Suite 400
Woodside, California   94062

Eric A Linden, Esq.
Jonathan C. Myers, Esq.
JAFFE, RAITT, HEUER & WEISS, P.C.
27777 Franklin Road, Suite 2500
Southfield, Michigan   48034

/s/  John R. Crews
John R. Crews

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Alston & Bird LLP

**FIRST AMERICAN PAYMENT SYSTEMS, L.P.'S REPLY MEMORANDUM TO AMERICAONE PAYMENT SYSTEMS INC.'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**
**[CASE NO. C 08-01818 PVT]**