**E-Filed 8/26/2008**

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| AMERICAONE PAYMENT SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FIRST AMERICAN PAYMENT SYSTEMS, L.P., <br><br> Defendant. | Case Number C 08-1818 <br><br> ORDER[1] GRANTING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS |

## I. BACKGROUND

AmericaOne Payment Systems, Inc. ("AmericaOne') is a California corporation, which markets and sells credit card processing services to merchants. These services allow merchants to accept credit and debit card payments from their customers. First American Payment Systems, L.P. ("First American") is a Texas limited partnership, which also markets and sells such services. AmericaOne and First American entered into an Independent Sales Organization Agreement ("ISO Agreement") pursuant to which AmericaOne agreed to solicit prospective

---

[1] This disposition is not designated for publication and may not be cited.

merchants to execute credit and debit card processing agreements with First American. The ISO provides that "[a]ll disputes, claims or other matters in question between the parties arising out of this Agreement, other than claims involving injunctive relief, shall be decided by non-binding arbitration to be conducted at a neutral site, pursuant to the then-current Commercial Arbitration Rules of the American Arbitration Association." Exh. A, § 13.18

AmericaOne initiated this action against First American asserting three claims: (1) breach of contract; (2) unjust enrichment; and (3) tortious interference with existing contracts and/or prospective economic relationships. First American moves to compel arbitration and to stay proceedings. It also requests that the arbitration take place in Phoenix, Arizona. AmericanOne argues in opposition that: (1) the Court may not compel non-binding arbitration under the FAA; (2) even if the Court could compel arbitration, AmericaOne's second claim is not arbitrable; (3) the Court may not compel arbitration outside of the Northern District of California; and (4) even if the Court could compel arbitration in another jurisdiction, Chicago would be a more appropriate site for the arbitration than Phoenix.

### III. DISCUSSION

1.  Authority to Compel Non-Binding Arbitration

Citing authority from other jurisdictions, AmericaOne contends that the Court cannot compel arbitration in this case because the ISO provides for *non-binding* arbitration.[2] *See Dluhos v. Strasberg*, 321 F.3d 365, 371 (3d Cir. 2003); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.*, 514 F.Supp 2d 1326 (S.D. Fla. 2007) *aff'd by* No. 06-81128-CV-DTKTH (11th Cir. April 21, 2008). However, in the Ninth Circuit, "[i]n light of the strong presumption in favor of arbitrability . . . arbitration need not be binding in order to fall within the scope of the Federal Arbitration Act." *Wolsay, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1209 (9th Cir. 1998).

---

[2] The ISO provides that "[t]his Agreement shall be governed and construed and enforced in accordance with the laws of the state of Texas." Exh A. § 13.1. "But, a general choice-of-law clause within an arbitration provision does not trump the presumption that the FAA supplies the rules for arbitration." *Sovak v. Chuagai Pharm. Co.*, 280 F.3d 1266, 1270 (9th Cir. 2002). Thus, while the substantive disputes pursuant to the ISO are governed by Texas law, the FAA governs the question of arbitrability. Accordingly, the Court is bound by Ninth Circuit authority.

Accordingly, the Court concludes that it has the authority to compel non-binding arbitration pursuant to the ISO.

### 2. Second and Third Claims

Next, AmericaOne contends that it may not be compelled to arbitrate its second and third claims because they are not within the scope of the ISO's arbitration clause. Citing *Schoendueve Corp. v. Lucent Technologies, Inc.*, 442 F.3d 727 (9th Cir 2006), First America argues that these claims are arbitrable because when an arbitration clause provides that any dispute arising out of the agreement must be submitted to arbitration, the arbitration clause applies to "all aspects of the relationship." *Id*. at 732 ( "[W]hen the arbitration clause calls for any dispute relating to or arising out of the agreement to be submitted to arbitration, the parties intend the clause to reach all aspects of the relationship.") (quoting *Valentine Sugars, Inc. v. Donau Corp.*, 981 F.2d 210, 213 n.2 (5th Cir. 1993)). Because *Schoendueve* is controlling authority, the dispositive the issue with respect to the second and third claims is whether these claims in fact involve aspects of the relationship between AmericaOne and First America created by the ISO.

While the formal elements of First America's second claim for tortious interference do not necessarily depend on the existence and terms of the ISO,[3] litigation of the claim will require examination of the commercial relationship between the parties created under that agreement. Because of the breadth of the arbitration clause at issue, the Court concludes that the claim is arbitrable.

AmericaOne contends that its third claim is not subject to arbitration because the damages it seeks in connection with that claim do not arise out of the ISO agreement. However,

---

[3] First American argues that the second claim for tortious interference is arbitrable because "[t]he very basis of [that claim] is that First American was prohibited from soliciting AmericaOne's employees *under the Parties' ISO Agreement*." Reply at 5. While this may be true, the second claim as pled makes no mention of the parties' obligations under the ISO. The elements of a tortious interference claim are: "(1) the existence of a professional relationship; (2) intentional interference with that relationship; (3) by a third party; (4) accomplished through improper means for an improper purpose; (5) a causal effect between the interference and damage to the economic relationship; and (6) damages." *Garbay v. Chrome Data Corp.*, No. Civ. 00-1468, 2001 WL 34039495 at *5 (April 16, 2001).

absent the ISO, AmericaOne could not have a claim for wrongful termination and thus irrespective of the nature or amount of damages sought, the claim itself arises under the agreement. Accordingly, the Court concludes that the third claim also is arbitrable.

    3.    Location

Finally, relying on *Textile Unlimited, Inc. v. BMH Co.*, 240 F.3d 781 (9th Cir. 2001), AmericaOne claims that a district court must compel arbitration in its own district even if the arbitration provision at issue specifies another forum. Opposition at 12. As First America correctly points out, AmericaOne misstates the holding of *Textile Unlimited*. That case did not address the issue of whether a district court could compel arbitration in another district. Instead, the case involved the issue of whether *an action to enjoin an arbitration* must be brought in the district in which the contract required the arbitration to occur. *Id*. at 784. The court held that venue was proper in California even though the arbitration was to occur in Georgia. It explained that "nothing prohibits [the defendant] from proceeding seriatim in different locales; filing a counter-claim in California to compel arbitration [in Georgia]." *Id*. at 786.

**IV.  ORDER**

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to compel arbitration is GRANTED. Pursuant to the agreement of counsel on the record at oral argument, the arbitration shall take place in Denver, Colorado.

DATED: August 26, 2008

                                                                  JEREMY FOGEL
                                                                  United States District Judge

This Order has been served upon the following persons:

Eric A Linden    elinden@jaffelaw.com

Gary Edward Gamel    garygamel@aol.com

Jonathan Charles Myers    jmyers@jaffelaw.com

John R. Crews    john.crews@alston.com

5

Case No. C 08-1818
ORDER GRANTING MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS
(JFLC1)